NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
MONICA C. MOLINA (SBN 332464)
monicamolina@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7070
Fax: (415) 856-7100

Attorneys for Defendant
GUALALA REDWOOD TIMBER, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRIENDS OF GUALALA RIVER, et al, , <br><br> Plaintiffs, <br><br> v. <br><br> GUALALA REDWOOD TIMBER, LLC, <br><br> Defendant. | CASE NO. 3:20-CV-06453-JD <br><br> **GUALALA REDWOOD TIMBER, LLC'S ANSWER TO COMPLAINT** <br><br> Judge:        Hon. James Donato <br><br> Action Filed:  September 15, 2020 <br> Trial Date:     None |

DEFENDANT'S ANSWER TO COMPLAINT

Defendant Gualala Redwood Timber ("Defendant") submits this answer to the complaint filed by Plaintiffs Friends of Gualala River and Center for Biological Diversity ("Plaintiffs") and alleges as follows:

## INTRODUCTION

1.      Answering Paragraph 1, this Paragraph consists of characterizations of Plaintiffs' own lawsuit to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

2.      Answering Paragraph 2, Defendant admits that Defendant plans to undertake logging operations in certain areas identified in the Dogwood Timber Harvesting Plan ("THP"). This Paragraph purports to characterize the THP; the THP document speaks for itself and no response to such characterizations is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

3.      Answering Paragraph 3, Defendant admits that the lower Gualala River floodplain is located within Sonoma County, a few hours by car from the Greater Bay Area.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

4.      Answering Paragraph 4, Defendant admits that timber on the lower Gualala River floodplain has been previously harvested.  Defendant denies that the lower Gualala River floodplain was last logged approximately 100 years ago.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

5.      Answering Paragraph 5, this Paragraph includes a legal conclusion to which no response is required.  To the extent any allegations remain, Defendant denies them.

6.      Answering Paragraph 6, this Paragraph includes legal conclusions to which no response is required.  Defendant denies logging will fell any trees in which Northern spotted owls are nesting.  As to any remaining allegations, Defendant denies them.

7.      Answering Paragraph 7, Defendant admits it has not sought an incidental take permit from this from National Marine Fisheries Service ("NMFS") or from the United States Fish & Wildlife Service ("USFWS") related to the THP, and it further denies that any such permit is

required.  As to any legal conclusions in this Paragraph, no response is required.  Defendant denies the remaining allegations.

8.  Answering Paragraph 8, this Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

9.  Answering Paragraph 9, this Paragraph consists of legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

10.  Answering Paragraph 10, this Paragraph includes legal conclusions to which no response is required.  This Paragraph also purports to characterize Plaintiffs' request for relief; Defendant contends that Plaintiffs are not entitled to any relief whatsoever.  As to any remaining allegations, Defendant denies them.

## **PARTIES**

11.  Answering Paragraph 11, this Paragraph purports to describe the activities of Plaintiff Friends of Gualala River and its claimed members.  As to such allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them. This Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

12.  Answering Paragraph 12, this Paragraph purports to describe the activities of Plaintiff Center for Biological Diversity and its claimed members.  As to such allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.  This Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

13.  Answering Paragraph 13, this Paragraph purports to describe the activities and interests of Plaintiffs and their claimed members.  As to such allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.  This Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

14.  Answering Paragraph 14, Defendant admits that Plaintiffs sent a Notice of Intent to Sue, dated July 7, 2018.  As to Plaintiffs' characterizations of their Notice of Intent to Sue Letter,

no response is required because the document speaks for itself.  This Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

15.     Answering Paragraph 15, Defendant admits that Defendant is a limited liability company with its principal place of business in Santa Clara County, California.  To the extent the allegations in this Paragraph seek to characterize the Defendants' actions and the contents of the THP or other publicly available documents, those actions and documents speak for themselves and no further response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## JURISDICTION

16.     Answering Paragraph 16, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

17.     Answering Paragraph 17, Defendant admits that Plaintiffs submitted a notice of intent to sue by letter dated July 8, 2020 to Defendant's owner, managing agents, and registered agent.  Defendant is without sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the appropriate heads of agencies, and, on that basis, denies that allegation.  This Paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## VENUE

18.     Answering Paragraph 18, this Paragraph consists of legal conclusions to which no response is required.

## INTRADISTRICT ASSIGNMENT

19.     Answering Paragraph 19, Defendant admits that the proposed logging is to occur in Sonoma County.  This Paragraph includes legal conclusions to which no response is required.

## LEGAL BACKGROUND

20.     Answering Paragraph 20, this Paragraph consists of legal conclusions to which no response is required.

21.    Answering Paragraph 21, this Paragraph consists of legal conclusions to which no response is required.

22.    Answering Paragraph 22, this Paragraph consists of legal conclusions to which no response is required.

23.    Answering Paragraph 23, this Paragraph consists of legal conclusions to which no response is required.

24.    Answering Paragraph 24, this Paragraph consists of legal conclusions to which no response is required.

## FACTUAL BACKGROUND

25.    Answering Paragraph 25, Defendant admits that the Gualala River enters the Pacific Ocean approximately 100 miles north of San Francisco near the border of Mendocino and Sonoma Counties and that the Gualala River watershed includes a stream network, woodlands, grasslands, and wetlands. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

26.    Answering Paragraph 26, this Paragraph consists of legal conclusions to which no response is required.

27.    Answering Paragraph 27, Defendant admits that a portion of the Gualala River occupies a rift zone created by the San Andreas fault and a portion of the Gualala River flows south to north.  Defendant also admits that it plans to harvest certain redwood trees pursuant to the THP.  Defendant denies that it will log giant 100-year-old redwoods that tower over the river, and affirmatively alleges that the THP prohibits cutting trees within a zone adjacent to the river.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them

28.    Answering Paragraph 28, Defendant admits that the proposed logging pursuant to the THP would occur in the lower floodplain of the Gualala River and in the area of certain tributaries on land that it owns in northwestern Sonoma County, California near the town of Gualala.

29.     Answering Paragraph 29, Defendant admits that the THP covers 342 acres (of which 52 acres are no cut) on the alluvial flats primarily on the east side of the South Fork of the Gualala River, along the south side of the main stem of the Gualala River, along the north side of the Wheatfield Fork and Buckeye Creek and along the Big and Little Pepperwood creeks, near approximately 38.8° latitude and 123.5° longitude; one unit of the THP is within the Gualala River Coastal Zone Special Treatment Area; and a fraction of this unit is within the Wild and Scenic River Designation for the main stem of the Gualala River.

30.     Answering Paragraph 30, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.

31.     Answering Paragraph 31, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

32.     Answering Paragraph 32, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

33.     Answering Paragraph 33, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

34.     Answering Paragraph 34, Defendant admits that the floodplain where logging is proposed in the THP was previously clear cut and that the area has been selectively harvested on a regular basis for many years.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

35.     Answering Paragraph 35, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

36.     Answering Paragraph 36, this Paragraph includes legal conclusions to which no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

1    37.    Answering Paragraph 37, this Paragraph includes legal conclusions to which no

2    response is required.  As to the remaining allegations, Defendant is without sufficient information

3    to form a belief as to their truth and, on that basis, denies them.

4    38.    Answering Paragraph 38, this Paragraph includes legal conclusions to which no

5    response is required.  Defendant admits that the regeneration of shade-adapted understory

6    vegetation is reasonably certain to lag behind generation of the mature redwood forest overstory

7    structure, and affirmatively alleges that thinning of such understory and creating space for mature

8    redwoods to grow even larger, so as to restore the forest to old growth conditions over time, is the

9    very purpose of the THP, as prescribed by the Forest Practice Rules.  As to the remaining

10   allegations, Defendant denies them.

11   39.    Answering Paragraph 39, this Paragraph purports to describe the THP; this

12   document speaks for itself and no response is required.  Defendant denies that the THP allows

13   timber operations without limitation, and affirmatively alleges that the THP imposes myriad

14   requirements and restrictions on timber operations.  As to the remaining allegations, Defendant is

15   without sufficient information to form a belief as to their truth and, on that basis, denies them.

16   40.    Answering Paragraph 40, this Paragraph purports to describe the THP; this

17   document speaks for itself and no response is required.  As to the remaining allegations, Defendant

18   is without sufficient information to form a belief as to their truth and, on that basis, denies them.

19   41.    Answering Paragraph 41, this Paragraph purports to describe the THP; this public

20   document speaks for itself and no response is required.  Defendant denies the remaining

21   allegations.

22   42.    Answering Paragraph 42, this Paragraph includes legal conclusions to which no

23   response is required.  Defendant denies that the activities proposed in the THP are reasonably

24   certain to result in the unlawful take of the "Gualala Listed Animals."  As to any remaining

25   allegations, Defendant is without sufficient information to form a belief as to the truth of the

26   allegations and, on that basis, denies them.

27   43.    Answering Paragraph 43, Defendant denies the allegations in this Paragraph.

28

44.     Answering Paragraph 44, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

45.     Answering Paragraph 45, Defendant admits that it has not applied for or received an incidental take permit for the "Gualala Listed Animals," and it further denies that such a permit is required.

46.     Answering Paragraph 46, Defendant denies the allegations in this Paragraph.

47.     Answering Paragraph 47, this Paragraph purports to describe the official action of a public agency; such action speaks for itself and no response is required. To the extent this Paragraph also includes legal conclusions, no response is required.

48.     Answering Paragraph 48, Defendant admits that the range of the California red-legged frog includes Mendocino and Sonoma Counties and the lower Gualala River floodplain.

49.     Answering Paragraph 49, this Paragraph purports to describe a public document; such document speaks for itself and no response is required.

50.     Answering Paragraph 50, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

51.     Answering Paragraph 51, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

52.     Answering Paragraph 52, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

53.     Answering Paragraph 53, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

54.     Answering Paragraph 54, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

55.     Answering Paragraph 55, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

56.     Answering Paragraph 56, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

DEFENDANT'S ANSWER TO COMPLAINT

57.     Answering Paragraph 57, this Paragraph purports to describe the official action of a public agency; such action speaks for itself and no response is required. To the extent this Paragraph includes legal conclusions, no response is required.  Defendant admits that the northern spotted owl's range is from British Columbia to the San Francisco Bay, including the Gualala River watershed, and that northern spotted owls are dark brown with white spots, have dark brown eyes and a barred tail, and are territorial. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

58.     Answering Paragraph 58, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

59.     Answering Paragraph 59, this Paragraph purports to describe the official action of a public agency; such action speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

60.     Answering Paragraph 60, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

61.     Answering Paragraph 61, this Paragraph purports to describe a public document; such document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

62.     Answering Paragraph 62, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.

63.     Answering Paragraph 63, Defendant admits that northern spotted owls on some occasions in the past have been observed nesting in the Gualala River watershed.  This Paragraph purports to describe the THP; this document speaks for itself and no response is required.

64.     Answering Paragraph 64, this Paragraph purports to describe the official action of a public agency; such action speaks for itself and no response is required.  This Paragraph includes legal conclusions to which no response is required.

65.     Answering Paragraph 65, this Paragraph consists of legal conclusions to which no response is required.

66.     Answering Paragraph 66, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

67.     Answering Paragraph 67, this Paragraph purports to describe the official action of a public agency and a public document; such action and public document speak for themselves and no response is required.

68.     Answering Paragraph 68, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

69.     Answering Paragraph 69, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

70.     Answering Paragraph 70, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

71.     Answering Paragraph 71, this Paragraph purports to describe a document, official actions taken by a public agency, and the THP; such documents and actions speak for themselves and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

72.     Answering Paragraph 72, this Paragraph purports to describe an official action of a public agency; such action speaks for itself and no response is required.  Defendant admits the Central California Coast Coho's range is from Punta Gorda to the San Lorenzo River and historically has included the Gualala River and its watershed.

73.     Answering Paragraph 73, this Paragraph purports to describe a public document; such document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

74.     Answering Paragraph 74, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

75.     Answering Paragraph 75, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

76.     Answering Paragraph 76, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

77.     Answering Paragraph 77, Defendant admits that Central California Coast Coho historically have been documented in the Gualala watershed.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Violation of § 9 of the ESA – Unauthorized Take of California Red-Legged Frogs)

78.     Answering Paragraph 78, Defendant incorporates all of its responses set forth above.

79.     Answering Paragraph 79, this Paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

80.     Answering Paragraph 80, this Paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

81.     Answering Paragraph 81, this Paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

82.     Answering Paragraph 82, this Paragraph purports to describe the official action of a public agency; such action speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

83.     Answering Paragraph 83, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  This Paragraph includes legal conclusions

DEFENDANT'S ANSWER TO COMPLAINT

to which no response is required.  To the extent a response is required, Defendant denies the allegations.

84.     Answering Paragraph 84, this Paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

85.     Answering Paragraph 85, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

86.     Answering Paragraph 86, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

87.     Answering Paragraph 87, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.

88.     Answering Paragraph 88, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.

89.     Answering Paragraph 89, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.

90.     Answering Paragraph 90, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  This Paragraph includes legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

91.     Answering Paragraph 91, this Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

92.     Answering Paragraph 92, Defendant admits it has not requested or received an incidental take permit for CRLFs from USFWS in relation to the proposed logging, and it further denies that such permit is required.

93.     Answering Paragraph 93, Defendant admits only that it plans to undertake the logging activities approved in the THP.  This Paragraph includes legal conclusions to which no

response is required.   To the extent a response is required, Defendant denies the remaining allegations in this Paragraph.

94.   Answering Paragraph 94, Defendant denies the allegations in this Paragraph.

## SECOND CLAIM FOR RELIEF

(Violation of § 9 of the ESA – Unauthorized Take of Northern Spotted Owls)

95.   Answering Paragraph 95, Defendant incorporates all of its responses set forth above.

96.   Answering Paragraph 96, this Paragraph consists of legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in this Paragraph.

97.   Answering Paragraph 97, this Paragraph consists of legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in this Paragraph.

98.   Answering Paragraph 98, this Paragraph includes legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in this Paragraph.

99.   Answering Paragraph 99, this Paragraph consists of legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in this Paragraph.

100.   Answering Paragraph 100, this Paragraph consists of legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in this Paragraph.

101.   Answering Paragraph 101, Defendant denies the allegations that the proposed logging would result in persistent impacts to northern spotted owl habitat.   As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

102.     Answering Paragraph 102, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

103.     Answering Paragraph 103, this Paragraph purports to describe a public document; this document speaks for itself and no response is required. This Paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

104.     Answering Paragraph 104, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

105.     Answering Paragraph 105, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

106.     Answering Paragraph 106, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

107.     Answering Paragraph 107, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

108.     Answering Paragraph 108, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

109.     Answering Paragraph 109, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

110.     Answering Paragraph 110, this Paragraph purports to describe a public document; this document speaks for itself and no response is required. This Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

111.     Answering Paragraph 111, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

112.     Answering Paragraph 112, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

113.     Answering Paragraph 113, this Paragraph purports to describe the THP and Defendant's actions; such document and actions speak for themselves and no response is required. This Paragraph includes legal conclusions to which no response is required.  As to any remaining allegations, Defendant denies them.

114.     Answering Paragraph 114, Defendant admits it has not requested or received an incidental take permit for northern spotted owls from USFWS related to the proposed logging, and it further denies that such permit is required.

115.     Answering Paragraph 115, Defendant admits only that it plans to undertake the logging activities approved in the THP.  This Paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

116.     Answering Paragraph 116, Defendant denies the allegations in this Paragraph.

## THIRD CLAIM FOR RELIEF

(Violation of § 9 of the ESA – Unauthorized Take of Northern California Steelhead)

117.     Answering Paragraph 117, Defendant incorporates all of its responses set forth above.

118.     Answering Paragraph 118, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

119.     Answering Paragraph 119, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

120.     Answering Paragraph 120, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

121.     Answering Paragraph 121, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

122.     Answering Paragraph 122, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

123.     Answering Paragraph 123, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

124.     Answering Paragraph 124, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

125.     Answering Paragraph 125, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

126.     Answering Paragraph 126, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

127.     Answering Paragraph 127, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

128.     Answering Paragraph 128, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

129.     Answering Paragraph 129, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

DEFENDANT'S ANSWER TO COMPLAINT

130.    Answering Paragraph 130, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

131.    Answering Paragraph 131, this Paragraph includes legal conclusions to which no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

132.    Answering Paragraph 132, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

133.    Answering Paragraph 133, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

134.    Answering Paragraph 134, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

135.    Answering Paragraph 135, Defendant admits that the Gualala River estuary is steelhead rearing habitat. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

136.    Answering Paragraph 136, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

137.    Answering Paragraph 137, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

138.    Answering Paragraph 138, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

139.    Answering Paragraph 139, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

140.     Answering Paragraph 140, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

141.     Answering Paragraph 141 this Paragraph includes legal conclusions to which no response is required.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

142.     Answering Paragraph 142, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

143.     Answering Paragraph 143, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

144.     Answering Paragraph 144, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

145.     Answering Paragraph 145, Defendant admits it has not requested or received an incidental take permit for NC steelhead from NMFS related to the proposed logging, and it further denies that such permit is required.

146.     Answering Paragraph 146, Defendant admits only that it plans to undertake the logging activities approved in the THP.  This Paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

147.     Answering Paragraph 147, Defendant denies the allegations in this Paragraph.

### FOURTH CLAIM FOR RELIEF

(Violation of § 9 of the ESA – Unauthorized Take of Central California Coast Coho)

148.     Answering Paragraph 148, Defendant incorporates all of its responses set forth above.

149.     Answering Paragraph 149, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

150.     Answering Paragraph 150, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

151.     Answering Paragraph 151, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

152.     Answering Paragraph 152, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

153.     Answering Paragraph 153, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

154.     Answering Paragraph 154, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

155.     Answering Paragraph 155, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

156.     Answering Paragraph 156, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

157.     Answering Paragraph 157, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

158.     Answering Paragraph 158, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

159.     Answering Paragraph 159, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

160.     Answering Paragraph 160, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

161.     Answering Paragraph 161, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

162.     Answering Paragraph 162, this Paragraph purports to describe the THP; this document speaks for itself and no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

163.     Answering Paragraph 163, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

164.     Answering Paragraph 164, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

165.     Answering Paragraph 165, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

166.     Answering Paragraph 166, this Paragraph includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

167.     Answering Paragraph 167, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

168.     Answering Paragraph 168, Defendant is without sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them.

169.     Answering Paragraph 169, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

170.     Answering Paragraph 170, this Paragraph includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.  As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth and, on that basis, denies them.

171.     Answering Paragraph 171, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

172.     Answering Paragraph 172, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

173.     Answering Paragraph 173, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

174.     Answering Paragraph 174, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

175.     Answering Paragraph 175, Defendant admits only that it plans to undertake the logging activities approved in the THP.  This Paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

176.     Answering Paragraph 176, Defendant denies the allegations in this Paragraph.

## **PRAYER FOR RELIEF**

Answering Paragraphs (1)-(4) of the complaint's prayer for relief at page 35, Defendant denies each of those allegations, and contends Plaintiffs are not entitled to any relief whatsoever.

***

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations, or agreeing that Defendant bears any burden of proof, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

Plaintiffs' claims are precluded by the doctrine of res judicata or collateral estoppel due to the final judgment entered in the following action: *Friends of Gualala River v. California Department of Forestry and Fire Protection*, Case No. SCV-262241 (Cal. Super. Ct.).

### SECOND AFFIRMATIVE DEFENSE

(Laches)

In the alternative to the defenses of res judicata and collateral estoppel, Plaintiffs' claims are barred by the doctrine of laches, due to Plaintiffs' failure to plead their causes of action in the prior state court action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

In the alternative to the defenses of res judicata and collateral estoppel, Plaintiffs' claims are barred by the doctrine of waiver, due to Plaintiffs' failure to plead their causes of action in the prior state court action against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

(No Article III Standing)

Plaintiffs lack Article III standing because their interest in forcing Defendant to sell its timberlands does not give rise to an actual controversy within the meaning of Article III of the U.S. Constitution.

### FIFTH AFFIRMATIVE DEFENSE

(Violation of 5th Amendment)

Application of the federal Endangered Species Act as urged by the Plaintiffs under the circumstances presented here would run afoul of the 5th Amendment to the U.S. Constitution, including the takings clause.

**SIXTH AFFIRMATIVE DEFENSE**

(Article II)

Application of the federal Endangered Species Act as urged by the Plaintiffs under the circumstances presented here would intrude on the authority of the President to "Take Care" that the laws are faithfully executed, as required by Article II of the Constitution.

DATED:  May 5, 2021                          PAUL HASTINGS LLP


By:_____/s/ Navi Singh Dhillon_____
    NAVI SINGH DHILLON
    Attorneys for Defendant
    GUALALA REDWOOD TIMBER, LLC

DEFENDANT'S ANSWER TO COMPLAINT