UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF GUALALA RIVER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GUALALA REDWOOD TIMBER, LLC,<br><br>Defendant. | Case No. 20-cv-06453-JD<br><br>**ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 63 |

Defendant Gualala Redwood Timber (GRT) asks for judgment on the complaint under Federal Rule of Civil Procedure 12(c). Dkt. No. 63 (Mot.); Dkt. No. 1 (Compl.). The "one question" posed by GRT is whether res judicata bars the claims in the complaint. Dkt. No. 63 at 1. The parties' familiarity with the record is assumed, and the motion is granted.

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Rule 12(c) and Rule 12(b)(6) motions are functionally identical, and so the standards for a Rule 12(b)(6) motion apply to a Rule 12(c) motion. *Gregg v. Hawaii*, 870 F.3d 883, 887 (9th Cir. 2017). The Court takes as true the plausible and nonconclusory factual allegations in the complaint, and draws all reasonable inferences from those allegations in plaintiffs' favor. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). A Rule 12(c) motion may be granted when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). Res judicata is a proper basis for granting a Rule 12(c) motion. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *see also Yagman v. Garcetti*, 743 Fed. App'x 837, 839 (9th Cir. 2018) (affirming Rule 12(c) dismissal on basis of res judicata) (unpublished).

Rule 12(b)(6) and Rule 12(c) motions generally are confined to the four corners of the complaint, and any materials it incorporates. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Even so, there are occasions when the Court "may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citation omitted); Fed. R. Evid. 201. Specifically, the Court may take judicial notice "of proceedings in other courts both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quotations and citation omitted). Taking such notice does not convert the Rule 12(c) motion into a summary judgment motion. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

The question of res judicata depends largely on the decisions and orders entered by the California state courts in prior litigation pursued by plaintiff Friends of Gualala River. The salient decisions were filed as exhibits in support of GRT's motion. *See* Dkt. No. 63-1. Plaintiffs do not appear to have expressly objected to notice of the court documents in the exhibits, *see* Dkt. No. 94, and any such objections that may be there are overruled. Judicial notice is granted for the decisions and orders entered by the Superior Court and the Court of Appeal. For present purposes, judicial notice is limited to the documents in Dkt. No. 63-1.

The Court analyzed in detail the application of res judicata to plaintiffs' claims in the order denying plaintiffs' request for a preliminary injunction. Dkt. No. 100. The Court concluded that, in light of the state court proceedings, plaintiffs were precluded from bringing the claims alleged in the complaint here. The Court incorporates the same analysis and conclusions here, and grants GRT's motion on that basis.

Plaintiffs' objection to the sequence and timing of the GRT's motion, *see* Dkt. No. 81 at 4, is not well taken. Even assuming that GRT's motion may not have strictly complied with Rule 12(g), the Court has the discretion to take it up in the interests of practicality and efficiency. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318-19 (9th Cir. 2017).

1   While Rule 12(c) does not expressly mention the possibility of amending a complaint, the
2   option is available. *See Gregg*, 870 F.3d at 889.  The Court declines to conclude at this time that
3   no plausible amendment is possible, and so plaintiffs may file an amended complaint consistent
4   with the order by August 19, 2021.  A failure to meet this deadline may result in dismissal with
5   prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated:  August 3, 2021

JAMES DONATO
United States District Judge