1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    FRIENDS OF GUALALA RIVER, et al.,        Case No.  20-cv-06453-JD
8                  Plaintiffs,
9            v.                               **ORDER RE DISMISSAL**
10   GUALALA REDWOOD TIMBER, LLC,
11                  Defendant.
12
13        The Court previously denied a request for a preliminary injunction by plaintiffs Friends of

14   Gualala River and the Center for Biological Diversity because the environmental claims alleged

15   against defendant Gualala Redwood Timber (GRT) with respect to the Dogwood Timber

16   Harvesting Plan (DTHP) had been fully and finally litigated in California state court, and so were

17   barred by res judicata.  *See Friends of Gualala River v. Gualala Redwood Timber, LLC*, 552 F.

18   Supp. 3d 924, 933-37 (N.D. Cal. 2021).  The Court dismissed the complaint under Federal Rule of

19   Civil Procedure 12(c) for the same reasons.  *See Friends of Gualala River v. Gualala Redwood

20   Timber, LLC*, No. 20-cv-06453-JD, 2021 WL 4053413, at *1 (N.D. Cal. Aug. 3, 2021).  Plaintiffs

21   filed an appeal of the order denying an injunction, which they voluntarily dismissed.  *See* Dkt. No.

22   105; *Friends of Gualala River v. Gualala Redwood Timber, LLC*, No. 21-16280, 2021 WL

23   5313632 (9th Cir. Aug. 13, 2021).

24        Although the res judicata orders arguably terminated the case, the Court granted plaintiffs

25   leave to file an amended complaint.  *Friends of Gualala*, 2021 WL 4053413 at *2.  In August

26   2021, plaintiffs filed an amended complaint, Dkt. No. 104 (FAC), which repeated the barred

27   claims, namely that GRT's logging work pursuant to the DTHP was "taking" and would continue

28   to take endangered species in violation of the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(B),

United States District Court
Northern District of California

1    and did not make any new allegations about the project.  GRT filed an answer, which re-asserted

2    res judicata as an affirmative defense.  Dkt. No. 106 at 23.

3         Plaintiffs moved to strike the res judicata defense, Dkt. No. 107, which was in effect an

4    improper request for reconsideration.  The Court denied the motion on that basis during a hearing

5    in October 2021.  Dkt. No. 119 at 2:17-22 (hearing transcript).  In an ensuing discussion, GRT

6    stated that the logging work authorized by the DTHP would be fully completed by the end of the

7    month.  *Id*. at 4:4-18.  Plaintiffs did not argue otherwise, and the Court directed the parties to

8    jointly propose a schedule for another motion to dismiss.  *Id*. at 5:8-6:15.  The Court subsequently

9    adopted the parties' proposed schedule.  *See* Dkt. No. 121.

10        GRT now asks to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and

11   12(b)(6).  Dkt. No. 122.  The thrust of the motion is that plaintiffs have had a full and fair

12   opportunity to litigate their claims, all of the claims were finally adjudicated, and there is nothing

13   left to resolve.  GRT also states, without opposition by plaintiffs, that the logging authorized by

14   the DTHP was completed in October 2021, multiple state regulatory agencies signed off on GRT's

15   work, and no new logging within the area covered by the DTHP will occur "within the next 12 to

16   15 years."  *Id*. at 2.  Plaintiffs' opposition rehashed their prior unsuccessful arguments against res

17   judicata, and made vague references to "continuing harm" from the DTHP that were not supported

18   by plausible factual allegations.  *See* Dkt. No. 127 at 3-9, 11.

19        At a hearing in June 2022, the Court pressed plaintiffs about what remained in the case that

20   had not already been resolved in the state court proceedings.  Dkt. No. 143 (hearing transcript).

21   The Court noted that the FAC referred to "ongoing logging," when the logging was in fact

22   completed, and that the FAC did not make any allegations of post-harvest problems that were new

23   or different from the claims and harms previously alleged.  *Id*. at 4:24-6:18.  Plaintiffs did not

24   offer any meaningful facts or arguments in response.  Although "deeply skeptical" that further

25   amendment was warranted, the Court gave plaintiffs a final opportunity to file a complaint

26   alleging new and different claims and harms from those already litigated.  *Id*. at 10:2-25.

27        Plaintiffs declined to amend.  Dkt. No. 142.  Rather, they elected to stand on the FAC.  *Id*.

28

United States District Court
Northern District of California

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

On this record, dismissal is warranted.  GRT's motion raised a number of standing and mootness arguments, *see* Dkt. No. 122 at 6-7, but there is a more straightforward reason for dismissal.  The claims in the original complaint were barred by res judicata.  *See Friends of Gualala*, 2021 WL 4053413, at *1.  Plaintiffs were given multiple opportunities to allege facts that would plausibly state a claim or injury not subject to the res judicata bar.  They did not do so.

To be clear, dismissal is not based on mootness arising from the fact that the logging work has been completed.  An environmental dispute is not necessarily vitiated or made moot just because the challenged project was finished.  *See Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065-66 (9th Cir. 2002).  The situation here is that plaintiffs fully and finally litigated all of their claims in state court.  They have not identified any new or different claims and harms despite multiple opportunities to amend.

Consequently, there is nothing left to adjudicate in this case.  The FAC is dismissed without prejudice, and the case will be closed.

**IT IS SO ORDERED.**

Dated:  November 16, 2022

_____
JAMES DONATO
United States District Judge

3