UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF GUALALA RIVER, et al., <br> Plaintiffs, <br> v. <br> GUALALA REDWOOD TIMBER, LLC, <br> Defendant. | Case No. 20-cv-06453-JD <br><br> **ORDER RE ATTORNEY'S FEES** |

As a coda to a long-running environmental dispute over a logging project in a privately owned forest on the Gualala River floodplain, defendant Gualala Redwood Timber, LLC (GRT) asks for an award of attorney's fees and litigation costs against plaintiffs Friends of Gualala River and Center for Biological Diversity, under the discretionary fee-shifting provision in the Endangered Species Act (ESA). Dkt. No. 161 (citing 16 U.S.C. § 1540(g)). There is no question that GRT prevailed at virtually every turn in the case. The Court denied plaintiffs' application for a preliminary injunction (Dkt. No. 100), granted GRT's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Dkt. No. 101), and ultimately dismissed the case and entered a final judgment in its favor (Dkt. Nos. 147, 154). Even so, the Court cannot say the litigation was so frivolous as to warrant fees and costs against the plaintiff environmental organizations. The Court is also concerned that an award in these circumstances would unduly chill future actions by such organizations. Consequently, an award of fees and costs is declined.

"Under the ESA, courts issuing final orders may award 'costs,' including fees, to either party, where appropriate." *Ocean Conservancy, Inc. v. Nat'l Marine Fisheries Serv.*, 382 F.3d 1159, 1161 (9th Cir. 2004) (quoting 16 U.S.C. § 1540(g)(4)). A defendant is "not entitled to costs

and fees unless the plaintiff's litigation was frivolous." *Id.* (citing *Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1096 (9th Cir. 1999)). The application of Section 1540(g)(4) is informed by, but not necessarily coterminous with, similar fee-shifting provisions in the Civil Rights Act of 1964, and the Marine Protection, Research, and Sanctuaries Act. *See Marbled Murrelet*, 182 F.3d at 1095-96 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)). As is true in many fee-shifting contexts, a case will not be deemed meritless simply because the plaintiffs lost. *Id.* at 1096 (citing *Christiansburg*, 434 U.S. at 421); *see also Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) ("[A] district court must assess the claim at the time the complaint was filed, and must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'") (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995)).

GRT prevailed because plaintiffs had had a full and fair opportunity to litigate their claims in state court, and so were barred by the principles of res judicata and claim preclusion from raising those claims in this Court. Reaching this conclusion was no easy thing. As the Court said during the preliminary injunction hearing, GRT's res judicata defense raised "a hard question" that implicated "important questions of federalism." Dkt. No. 97 at 33:3-17. Other courts have also stated that res judicata involves "procedural rules that are difficult even for experienced lawyers and judges to apply." *Chester v. St. Louis Housing Auth.*, 873 F.3d 207, 209 (8th Cir. 1989). Answering the question of whether res judicata barred this case required a deep dive into the complicated history of the Dogwood Timber Harvesting Plan and a convoluted state court record, and a detailed analysis of the elements of claim preclusion. The Court did most of this work in the order denying a preliminary injunction. Dkt. No. 100. As the order amply demonstrates, it was a major undertaking, the outcome of which was by no means certain at the start of litigation.

Consequently, the Court cannot say that this case was meritless from the day of filing for purposes of awarding fees and costs to GRT. GRT's reliance on *Animal Welfare Institute v. Feld Entertainment, Inc.*, 944 F. Supp. 2d 1 (D.D.C. 2013), an out-of-circuit district court decision, does not change this conclusion. That was an "extraordinary" case, in the words of the court, which involved paid plaintiffs with a "motive to falsify" evidence and other egregious facts that

made the case "groundless and unreasonable from its inception." *Id*. at 4 (internal citation and quotation marks omitted). Such circumstances are absent here.

It is also worth noting plaintiffs' representation that "this is the first time that a federal court has ever held that federal litigation over an asserted ESA section 9 violation is foreclosed by prior state court litigation -- in California or anywhere else." Dkt. No. 164 at 9-10. GRT did not dispute this statement. The Court makes no conclusion about plaintiffs' observation other than that the novelty of the situation also weighs against an award of fees to GRT. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1489 (9th Cir. 1995) (declining to award fees to a defendant under another remedial statute where there was "very little case law directly apposite").

It is true that plaintiffs did not voluntarily admit defeat after the order denying a preliminary injunction, and were rather persistent in sticking with their claims. But it is also true that plaintiffs did this in response to the Court's invitations to amend. *See* Dkt. No. 147. The Court declines to award fees merely because plaintiffs were not successful in presenting new facts that might have preserved their claims.

A closing word of caution is warranted. The Court has declined to award fees on the unique circumstances of this case. This order is by no means in indication that a fees award in other situations involving res judicata or complicated environmental claims would be unreasonable.

**IT IS SO ORDERED.**

Dated: January 8, 2024

JAMES DONATO
United States District Judge